IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JEREMY BRADLEY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 4:14CV37 |
| | § | |
| PNC BANK, N.A. | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER OF
### UNITED STATES MAGISTRATE JUDGE

Now before the Court is Defendant's Motion to Dismiss (Dkt. 4). As set forth below, the motion is GRANTED.

This case involves Plaintiff Jeremy Bradley's claims regarding the 2013 foreclosure on property located at 4603 Lake Park Drive, The Colony, Texas, 75056 ("the Property"). Plaintiff filed suit against Defendant PNC Bank National Association in Denton County, Texas on December 19, 2013. Defendant removed the case to this Court on January 17, 2014, and this case was assigned to the undersigned by consent of the parties on June 13, 2014.

Plaintiff's Original Petition and Application for Temporary Restraining Order – which has not been amended since removal – asserts the following claims against Defendant: fraud; breach of contract and anticipatory contract; wrongful foreclosure; and trespass. *See* Dkt. 3. Plaintiff also challenges the enforceability of the applicable negotiable instrument and Defendant's authority to foreclose. Plaintiff asks that the foreclosure sale deed be declared void and also seeks injunctive relief to stop any eviction from the Property.

1

Defendant has filed a motion to dismiss, seeking dismissal of Plaintiff's claims on various grounds. *See* Dkt. 4. First, Defendant argues that Plaintiff is judicially estopped from contesting the validity of the loan because he listed Defendant as a creditor in his Chapter 13 bankruptcy proceedings. Defendant also argues that Plaintiff lacks standing to assert his claims as they belong to the bankruptcy estate. Defendant further argues that it had full authority to foreclose; that Plaintiff fails to state claims for breach of contract/anticipatory breach of contract, fraud, wrongful foreclosure, or trespass; and that Plaintiff is not entitled to injunctive relief.

Plaintiff has filed a response in opposition to the motion to dismiss, and Defendant has filed a reply. The matter having been fully briefed, the Court addresses the parties arguments below.

### STANDARD FOR MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The complaint must be factually suggestive,

so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id*. at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009), (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955)). For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted).

## ANALYSIS

The Court first addresses Defendant's argument that Plaintiff's claims are barred because of his bankruptcy filing. Although Plaintiff's pleadings do not reference his bankruptcy proceedings, and although a court's analysis is normally limited to the pleadings during a motion to dismiss, the Court has taken judicial notice of the bankruptcy pleadings. FED. R. EVID. 201(f) ("Judicial notice may be taken at any stage of the proceeding."); *Cinel v. Connick*, 15 F.3d 1338, 1343 n. 6 (5th Cir.1994) (federal courts are permitted to refer to matters of public record when deciding a 12(b)(6) motion to dismiss); *Lovelace v. Software Spectrum Inc*., 78 F.3d 1015, 1017 - 18 (5th Cir. 1996) ("Normally, in deciding a motion to dismiss for failure to state a claim, courts must limit their in quiry to the facts stated in the complaint and the documents either attached to or incorporated in the

complaint. However, courts may also consider matters of which they may take judicial notice.").[1]

Plaintiff filed his bankruptcy petition on February 4, 2012, and, on June 19, 2012, the bankruptcy court entered an order closing Plaintiff's bankruptcy case. *See* Case 12-40663 in the Northern District of Texas, Fort Worth Division.

Defendant argues that Plaintiff lacks standing to bring the claims here because they belong to the bankruptcy trustee. A bankruptcy trustee "is the real party in interest, and is the only party with standing to prosecute causes of action belonging to the estate once the bankruptcy petition has been filed." *Kane v. National Union Fire Ins. Co.*, 535 F.3d 380, 385 (5th Cir. 2008) (citing 11 U.S.C. §§ 323, 541(a)(1)). Thus, if any of his claims here fall within the bankruptcy estate, only the bankruptcy trustee – not Plaintiff – has standing to assert them. *Wieburg v. GTE Sw. Inc.*, 272 F.3d 302, 306 (5th Cir. 2001). Plaintiff has not argued how he would have standing, nor has Plaintiff shown that any of his claims were abandoned by the bankruptcy trustee. Any claims which accrued prior to the filing of Plaintiff's bankruptcy action are dismissed for lack of standing. *Carroll v. JP Morgan Chase Bank*, 2014 WL 3361990, 1 (5th Cir. 2014) (affirming district court judgment that the plaintiffs lacked standing to prosecute breach of contract action which accrued prior to the filing of their bankruptcy petition and had not been abandoned by the trustee, finding that the claim was

---

[1]The Court also notes that Plaintiff has not challenged the propriety of dismissing this suit at the 12(b)(6) phase based on the bankruptcy matters which may waive any challenge to it. *Test Masters Educ. Servs. v. Singh*, 428 F.3d 559, 570 n. 2 (5th Cir.2005) (noting that although "generally a res judicata contention cannot be brought in a motion to dismiss; it must be pleaded as an affirmative defense..." when the plaintiff did not challenge the defendant's ability to argue res judicata in a motion to dismiss rather than in their response or a motion for summary judgment, court reviewed the dismissal under the 12(b)(6) standard).

part of the bankrupt estate).[2]

Although Defendant argues that all claims should be dismissed based on lack of standing, it appears to the Court that at least some of Plaintiff's allegations center on a September 3, 2013 foreclosure sale. Because any claims about this sale could not have accrued until after the dismissal of the bankruptcy, Defendant's standing argument does not apply and the Court examines them on their merit.

**Enforceability of the Negotiable Instrument and Authority to Foreclose**

First, Plaintiff challenges the enforceability of the negotiable instrument and Defendant's authority to foreclose under it. The Court agrees that Plaintiff's bankruptcy filings identifying Defendant as a creditor may judicially estop him from any challenge as to Defendant's authority. *Richardson v. CitiMortgage, Inc.*, 2010 WL 4818556, 5 (E.D. Tex. 2010) ("The Plaintiffs' position in this lawsuit is the opposite of the representations they made to the Bankruptcy Court, and they should not be allowed to advance such positions.").

Moreover, challenges like Plaintiff's to parties' rights to foreclose have been consistently rejected in this Circuit. *Martins v. BAC Home Loans Serv., L.P.*, 722 F. 3d 249, 255 (5th Cir. 2013) ("The split-the-note' theory is therefore inapplicable under Texas law where the foreclosing party is a mortgage servicer and the mortgage has been properly assigned."); *Sigaran v. U.S. Bank Nat. Ass'n*, 2014 WL 1688345, 3 (5th Cir. 2014) ("U.S. Bank 'need not hold the note in order to exercise its authority to foreclose.'"); *Casterline v. OneWest Bank, F.S.B.,* 537 Fed. App'x 314, 317 (5th Cir. 2013) ("MERS had the authority to transfer the Security Instrument together with the power to

---

[2]Indeed, Plaintiff filed no briefing in response to Defendant's Notice of Supplemental Authority arguing that the *Carroll* case is dispositive of his claims. *See* Dkt. 13.

foreclose to another party, including OneWest."); *Wigginton v. Bank of New York Mellon*, 488 Fed. App'x 868, 870 (5th Cir. 2012) (affirming dismissal of breach of contract and other claims that Texas law rejects split-the-note theory); *Hall v. BAC Home Loans Serv., L.P.*, 2013 WL 5515144, 3 (5th Cir. 2013) (the plaintiff's "characterization of Texas law is incorrect—it simply was not necessary for BAC to possess the note to foreclose."); *Epstein v. U.S. Bank Nat. Ass'n*, 2013 WL 5340766, 3 (5th Cir. 2013).

In any event, here, Defendant has offered a 2002 assignment of the Note from American United Mortgage Services of America, Inc. (the Lender under the original Note at issue) to National City Mortgage Co., an entity with which Defendant merged in 2009. *See* Dkt. 4-3.[3] Any challenges to this assignment accrued prior to the filing of Plaintiff's bankruptcy petition, and again, Defendant's authority as to the loan was acknowledged in Plaintiff's bankruptcy filings where the "Mortgage arrears" to "Pnc Mortgage" as to Plaintiff's homestead were listed under Creditors. *See* Dkt. 4-4. Plaintiff has stated no facts to show that he can challenge Defendant's authority to

---

[3] A district court may consider documents attached to a motion to dismiss if the documents are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Scanlan v. Texas A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)); *see also Causey v. Sewell Cadillac-Chevrolet*, 394 F.3d 285, 288 (5th Cir. 2004). The Fifth Circuit has also held that courts are permitted to refer to matters of public record when deciding a motion to dismiss under Rule 12(b)(6). *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1996). "[T]aking judicial notice of public records directly relevant to the issue in dispute is proper on a Rule 12(b)(6) review and does not transform the motion into one for summary judgment." *Motten v. Chase Home Fin.*, 2001 WL 2566092 at *2 (S.D. Tex. 2011) (*citing Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011). Because the Note and Assignment are referred to in Plaintiff's complaint and central to his claims, the Court has considered them here. Although the corresponding Deed of Trust is referenced by both parties, it has not been included in the record by either party.

foreclose.[4]

**<u>Fraud</u>**

Next, Plaintiff asserts a claim of fraud. To assert a claim of fraud under Texas law, a plaintiff must allege that: (1) a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *Flaherty & Crumrine Preferred Income Fund, Inc.*, 565 F.3d 200, 212 (5th Cir. 2009) (citing *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)). Rule 9(b) of the Federal Rules of Civil Procedure require that a plaintiff must state with particularity the circumstances constituting fraud or mistake. FED. R. CIV. P. 9(b). "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997); *see also Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006) ("In cases concerning fraudulent misrepresentation and omission of facts, Rule 9(b) typically requires the claimant to plead the type of facts omitted, the place in which the omissions should have appeared, and the way in which the omitted facts made the representations misleading.") (citing *United States ex rel. Riley v. St. Luke's Episcopal Hospital,* 355 F.3d 370, 381 (5th Cir. 2004) (citing 2 James W. Moore, et al., Moore's Federal Practice § 9.03[1][b] at 9-18 through 9-19 (3d ed. 2003))).

---

[4]The Court further notes that the Note is only signed by Plaintiff's wife, not Plaintiff, and he has not stated how he has standing to challenge any assignment of it.

Here, Plaintiff alleges that Defendant has declared itself the proper entity to submit loan payments to but that it has not proven it has the right to collect under the Note or produced the loan servicing agreement evidencing its right to collect. Not only has Plaintiff failed to plead this allegation of fraud with the who, what, when where required under Rule 9(b), as noted above, any claim based on Defendant's authority on the Note fails for either failure to state a claim or lack of standing and is dismissed.

As to Plaintiff's allegation that a "material misrepresentation was made as to the Defendant's ability and willingness to potentially modify the note" Dkt. 3 at ¶23, to the extent Plaintiff has standing to bring such a claim, Plaintiff has failed to plead it with the specificity required under Rule 9(b) and Plaintiff has failed to state how such a statement was knowingly false. More importantly, "under Texas law, promises of future action are not actionable as a negligent-misrepresentation tort." *De Franceschi v. BAC Home Loans Serv., L.P.*, 477 Fed. App'x 200, 205, 2012 WL 1758597, 3 (5th Cir. 2012) (citing *Scherer v. Angell,* 253 S.W.3d 777, 781 (Tex. App.– Amarillo 2007, no pet.)). In particular, "representations regarding future loan modifications and foreclosure constitute promises of future action rather than representations of existing fact." *Thomas v. EMC Mortg. Corp.*, 2012 WL 5984943, 3 (5th Cir. 2012) (citing *Scherer v. Angell,* 253 S.W.3d 777, 781 (Tex. App. – Amarillo 2007, no pet.)); *see also Milton v. U.S. Bank Nat. Ass'n*, 2013 WL 264561, 2 (5th Cir. 2013) (plaintiff did not state viable negligent misrepresentation claim based on promise that mortgage servicer would not foreclose during loan modification because it was promise of future conduct); *Fankhauser v. Fannie Mae*, 2011 WL 1630193, at *7 (E.D. Tex. 2011). The fraud claim is dismissed.

**Breach of contract/breach of anticipatory contract**

Plaintiff bases his breach of contract claims on several theories. As to Plaintiff's claims that "Defendant never gave Plaintiff the right to cure and reinstate the note," Dkt. 3 at ¶27, Defendant has offered a November 2011 notice of default.

Plaintiff's petition is silent as to the issue of default and the dates of anything but foreclosure. Based on the notice of default provided, however, it appears Plaintiff defaulted prior to the filing of his bankruptcy. Without any facts stated to show that such a claim accrued after the disposition of the bankruptcy suit, Plaintiff lacks standing to bring such claims regarding the notices he received. Further, his waiver arguments are not supported by applicable authority. *Robinson v. Wells Fargo Bank, N.A.*, 2014 WL 3702588, 4 (5th Cir. 2014) ("Wells Fargo's decision to delay foreclosing on the property and to engage in discussions regarding the modification of the Robinsons' loan agreement do not manifest an express intent by Wells Fargo to waive its right to foreclose.").

Plaintiff has also not alleged sufficient facts to support the claim that Defendant "prevented Plaintiff from performing the contract" (Dkt. 3 at ¶ 29) and has not sufficiently stated the absolute repudiation of obligation, lack of just excuse for the repudiation or damage to the non-repudiating party necessary to state a claim for anticipatory breach of contract. *Gonzalez v. Denning*, 394 F.3d 388, 394 -95 (5th Cir. 2004). And no duty of good faith and fair dealing is implicated here. *Milton v. U.S. Bank Nat. Ass'n*, 508 Fed. App'x 326, 329-330 (5th Cir. 2013) ("[U]nder Texas law, there is no special relationship between a mortgagor and mortgagee that would give rise to a stand-alone duty of good faith and fair dealing.") (internal citations and quotations omitted).

Notably, Plaintiff has not alleged any facts to show that he was current on his mortgage payments such that foreclosure would be a breach of the parties' agreement. *See, e.g. Water*

9

*Dynamics, Ltd. v. HSBC Bank USA, Nat. Ass'n*, 2013 WL 363118, 1 (5th Cir. 2013) ("a party in default cannot assert a claim for breach against the other party"). As to Plaintiff's claim that "Defendant offered and Plaintiff accepted a loan modification review," Dkt. 3 at ¶27, any unilateral or bilateral contract modifying the underlying Note and Deed of Trust was subject to the requirements of the statute of frauds. *See* TEX. BUS. & COM. CODE ANN. § 26.02(a)(2) and (b) (2009) (a loan agreement involving a loan exceeding $50,000 in value is subject to the statute of frauds); *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991) (any contract subject to the statute of frauds and not in writing is unenforceable under Texas law). Plaintiff has not alleged that there was a written modification here, and Plaintiff has not stated any facts regarding any promise to sign a modification agreement such that promissory estoppel would save his claims. *Martins*, 722 F.3d at 256 ("Martins alleges only an oral agreement, not a promise on the part of BAC or its agents to sign an agreement validating the oral agreement that would satisfy the statute of frauds."); *Miller v. BAC Home Loans Serv., L.P.*, 726 F.3d 717, 726 (5th Cir. 2013); *Martin-Janson v. JP Morgan Chase Bank, N.A.*, 536 Fed. App'x 394, 398 (5th Cir. 2013); *Milton v. U.S. Bank Nat. Ass'n*, 508 Fed. App'x 326, 329 (5th Cir. 2013).

Plaintiff has not shown how he has standing to bring any breach of contract claim based on the theories he alleges. Such is his clear burden. *Lujan*, 504 U.S. at 561, 112 S. Ct. at 2136; *Int'l Ass'n of Machinists & Aerospace Workers v. Goodrich Corp.*, 410 F.3d 204, 211-12 (5th Cir. 2005). And even if he could show standing, insufficient facts are alleged to state a breach of contract claim. Plaintiff's breach of contract and anticipatory breach of contract claims are dismissed.

**Wrongful Foreclosure**

Defendant also seeks dismissal of Plaintiff's wrongful foreclosure claim. To make a claim for wrongful foreclosure under Texas law, a plaintiff must show: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App. – Corpus Christi 2008, no pet.); *Miller v. BAC Home Loans Serv., L.P.*, 726 F.3d 717, 726 (5th Cir. 2013). *See also* TEX. PROP. CODE ANN. § 51.002 (statutory requirements for foreclosure sales). "The latter two elements need not be shown if the borrower instead establishes that the lender deliberately chilled the bidding at the foreclosure sale." *Waltner v. Aurora Loan Servs., L.L.C.*, 551 Fed. App'x 741, 749 (5th Cir. 2013).

Plaintiff's petition claims that the 2013 foreclosure sale was defective because he did not receive all the required notices. Plaintiff does not allege a grossly inadequate sales price resulting from the defect in the sale proceedings, nor does Plaintiff allege that Defendant deliberately chilled bidding at the foreclosure sale. *Martins v. BAC Home Loans Serv., L.P.*, 722 F.3d 249, 256 (5th Cir. 2013) ("A grossly inadequate price would have to be so little as 'to shock a correct mind.'") (internal quotations omitted); *see also Water Dynamics, Ltd. v. HSBC Bank USA, Nat. Ass'n*, 2013 WL 363118, 1 (5th Cir. 2013) ("Texas cases establish that a foreclosure price exceeding 50% is not grossly inadequate.") (citing *Terra XXI, Ltd. v. Harmon*, 279 S.W.3d 781, 788 (Tex. App.– Amarillo 2007) and *Richardson v. Kent,* 47 S.W.2d 420, 425 (Tex. Civ. App.– Dallas 1932)) (finding that sale price which was about 52% of proffered value was not grossly inadequate).

The wrongful foreclosure claim is dismissed. *Miller v. BAC Home Loans Serv., L.P.*, 726 F.3d 717, 727 (5th Cir. 2013) (affirming dismissal of wrongful foreclosure claim where the plaintiffs

never alleged that the defendants interfered with the bidding process of the foreclosure sale and the only defects they alleged were vague failures to comply with Texas statutory requirements in effecting the sale, as well as an allegation that one defendant had agreed to postpone foreclosure); *Waltner v. Aurora Loan Servs., L.L.C.*, 551 Fed. App'x 741, 749 (5th Cir. 2013) (affirming dismissal of wrongful foreclosure claim where complaint failed to allege facts supporting either a grossly inadequate selling price or the deliberate chilling of bidding at the foreclosure sale).

**<u>Wrongful Eviction, Request for Injunctive relief to Stop any Eviction from the Property and Claims of Trespass</u>**

As to Plaintiff's trespass claims, Plaintiff concedes in his response that "[a]s Plaintiff is currently in the home, Plaintiff will agree with Defendant that at this time, there are no facts to claim that Defendant has trespassed against the real property in question." Dkt. 6 at 13. Therefore, the trespass claim is dismissed.

As to Plaintiff's request that the Court enjoin any eviction from the Property or find any eviction wrongful, the Court lacks jurisdiction over such a matter and will not intervene in any state court forcible detainer action. *See Knoles v. Wells Fargo Bank, N.A.*, 513 Fed. App'x 414, 416, 2013 WL 617010, 2 (5th Cir. 2013). The Court also notes that the *Rooker–Feldman* doctrine bars federal district courts from exercising subject-matter jurisdiction over collateral attacks on state court judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed.2d 454 (2005); *Price v. Porter*, 351 F. App'x 925, 926 (5th Cir. 2009). Therefore, to the extent not already withdrawn by Plaintiff, any claim challenging eviction is dismissed.

The Court notes that Plaintiff's factual allegations claim that "Plaintiff was not given proper notice pursuant to the statutory requirement of the Texas Debt Collection Act," Dkt. 3 at ¶14,

Plaintiff's wrongful foreclosure allegations reference "Defendant's violation of TDCA and DTPA," Dkt. 3 at ¶31, and Plaintiff's request for injunctive relief references "violations of TDCA," Dkt. 3 at ¶34. Plaintiff's Prayer also seeks damages under Sections 392.403 and 392.404 of the Texas Finance Code. *See* Dkt. 3 at pg. 21. Plaintiff has listed no separate claims under the Texas Debt Collection Practices Act or the Deceptive Trade Practices Act, and Plaintiff has not cited the provisions within either Act he claims were violated. To the extent alleged, the Court finds that no claims under the TDCA or DTPA have been sufficiently stated as Plaintiff's allegations do not rise beyond mere labels and conclusions.

**Injunctive Relief**

Because Plaintiff has not shown a likelihood of success on the merits of any of his claims, injunctive relief is unavailable. *Palmer v. Waxahachie Indep. Sch. Dist.*, 579 F.3d 502, 506 (5th Cir. 2009).

### CONCLUSION

For the reasons set forth herein, Defendant's Motion to Dismiss (Dkt. 4) is GRANTED, Plaintiff's claims accruing prior to February 2012 are dismissed for lack of standing, and any remaining claims are dismissed with prejudice for failure to state a claim.

**SO ORDERED.**

SIGNED this 26th day of September, 2014.

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE